## **EXHIBIT A**

SF/21705150.1

BINGHAM MCCUTCHEN LLP
COLIN C. WEST (SBN 184095)
ERICA BRAND PORTNOY (SBN 244923)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
Email: colin.west@bingham.com
        erica.brand@bingham.com

Attorneys for
ZANTAZ, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CV 07 80278 MISC

| IN RE: Seroquel Products Liability Litigation | Case No. Miscellaneous Action (unassigned) |
|---|---|
| | (Underlying action in Middle District of Florida, Orlando Division; Case No. 6:06-md-1769-Orl-22DAB; MDL DOCKET NO. 1769 (ALL CASES)) |
| | **NON-PARTY ZANTAZ, INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENAS OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | Judge: Hon. William Alsup (as General Duty Judge) |

WHA

A/72347766.1

Case No. Miscellaneous Action (unassigned)

NON-PARTY ZANTAZ, INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENAS OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER; MEMO. OF P. & A, IN SUPPORT THEREOF

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT at a date and time to be set by Judge Alsup, in Courtroom 9, 19th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California 94102, Subpoenaed Non-party, Zantaz, Inc., pursuant to Federal Rule of Civil Procedure 45, will and hereby does move this Court:

(1) For an order quashing the Deposition Subpoena for Personal Appearance directed to Zantaz's Person Most Knowledgeable scheduled for December 27, 2007; and,

(2) For an order quashing the Deposition Subpoena for Personal Appearance directed to Zantaz's Custodian of Records scheduled for December 27, 2007;

(3) In the alternative, if the Court declines to quash the subpoenas, for an appropriate protective order to narrow the issues and to protect Zantaz's confidential information.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations Colin C. West and Mark Daoust in support thereof, the documents and records in the Court's files regarding this action, any oral argument that may be presented at the hearing on this motion, and any other matter the Court deems appropriate.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Zantaz, Inc. ("Zantaz") is not a party to the dispute between Plaintiffs and AstraZeneca. Zantaz moves to quash the two subpoenas served upon it by Plaintiffs requesting that its "Person Most Knowledgeable" and the "Custodian of Records" give deposition testimony. The Court should grant Zantaz's motion for several reasons.

The subpoenas are designed to support Plaintiffs' claim for sanctions against AstraZeneca, based on AstraZeneca's failure to timely produce electronically-stored documents. The Court overseeing the multidistrict litigation ("MDL") between Plaintiffs and AstraZeneca

1 has already ruled that Plaintiffs are entitled to sanctions for this failure, and that the only
2 remaining issue is the amount and nature of the sanctions, which will turn on the degree of
3 prejudice or injury Plaintiffs may have suffered. The MDL Court has suggested that discovery
4 may be irrelevant to this issue, and the Court will, in any event, rule whether any discovery is
5 appropriate on December 18. Accordingly, Plaintiffs' subpoenas to Zantaz are premature, and
6 may run counter to the MDL Court's intent.

7 Moreover, even were the Court to rule that discovery is appropriate, the sort of
8 discovery Plaintiffs seek here would almost certainly be irrelevant, and it falls outside the
9 permissible scope of discovery under Rule 26.

10 Further, to the extent that Plaintiffs ask Zantaz to produce a 30(b)(6) witness to
11 testify at its counsel's San Francisco office, the Court should deny this request because the only
12 Zantaz employee(s) competent to testify on the issues identified in the Subpoena live and work
13 in Massachusetts. Plaintiff cannot compel them to travel thousands of miles to testify.

14 Finally, Plaintiffs' subpoena would require Zantaz to reveal its trade secrets and
15 other confidential information. Accordingly, if the Court declines to quash the subpoenas, the
16 Court should rule that any testimony be given subject to an appropriate protective order.

17 Plaintiffs' subpoenas should be quashed.

18 II. **BACKGROUND**

19 A. **Zantaz**

20 Zantaz provides, among other things, litigation support software and solutions to
21 help companies manage discovery-related documents. Declaration of Mark Daoust ("Daoust
22 Decl."), ¶ 2. Most of its litigation-support related customers, including AstraZeneca, engage
23 Zantaz to provide an outsourced litigation support solution marketed under the name
24 "Introspect." *Id.* In connection with this solution, Zantaz stores the discovery-related documents
25 in electronic format in its databases and on its servers. *Id.* These documents are then accessed
26 and managed by its customers via the Internet. *Id.* If requested by a customer and based solely

1  on the instructions of the customer, these documents may then be produced by Zantaz to other
2  parties in the litigation. *Id.*

3  The electronic data that Zantaz stores on behalf of each client is owned by the
4  client. *Id.*, ¶ 4. Zantaz cannot and does not turn over its clients' data without their instruction or
5  permission. *Id.*

6  B. **Judge Baker's Sanctions Order**

7  Plaintiffs suit against AstraZeneca is part of a multidistrict litigation presided over
8  by the Honorable David A. Baker in the Middle District of Florida. On August 21, 2007, Judge
9  Baker ruled that sanctions were warranted against AstraZeneca for "failure to produce 'useable'
10 or 'reasonably accessible' documents" in a sufficiently timely fashion. Declaration of Colin C.
11 West in Support of Non-Party Zantaz, Inc.'s Motion To Quash Subpoenas ("West Decl."), Ex. A
12 at 28. Certain of the documents at issue were stored at Zantaz, and others were stored at Planet
13 Data Solutions, Inc. ("Planet Data"). Daoust Decl., ¶ 3. Zantaz and Planet Data assisted
14 AstraZeneca in their productions to Plaintiffs. *Id.* The Court stated that while it was "unable to
15 determine the appropriate nature and amount of sanctions at this time. Plaintiffs will be allowed
16 a further opportunity to present evidence and argument as to any prejudice or damages from
17 [AstraZeneca]'s failure timely to produce" the documents at issue. West Decl., Ex. A at 28.

18 The Court did not rule that Plaintiffs had a right to discovery to determine the
19 extent of their "prejudice or damages" from the delay in production. The Court instead set an
20 evidentiary hearing regarding the amount of the sanctions for January 28, and set a status
21 conference for December 18 in which the Court "will confer with the parties . . . regarding
22 further proceedings" and will consider any "*possible discovery* needed for preparing for" the
23 January 28 sanctions hearing. West Decl., Ex. A at 28; *id.*, Ex. B. (emphasis added).

24 C. **The Subpoenas**

25 On November 26, 2007, Plaintiffs served a subpoena upon Zantaz, commanding
26 the Person Most Knowledgeable to give deposition testimony ("PMK Subpoena") and served a

subpoena *duces tecum* and deposition subpoena upon the Custodian of Records for Zantaz Inc. ("Records Subpoena") (collectively the "Subpoenas"). *See* West Decl., Exs. C and D. The depositions were set for December 27. *Id.* The PMK Subpoena included deposition topics, however the topics were not identified as an attached Exhibit. West Decl., Ex C. The Records Subpoena commanded production and inspection of documents listed in "Exhibit A." *Id.*, Ex. D. However, the Records Subpoena included no place, date or time for production, in violation of Federal Rule of Civil Procedure 45. *Id.*, Ex. D; *see* Fed. R. Civ. P. 45(a)(1)(A)(iii) (requiring a subpoena to command production "at a specified time and place.") Additionally, the Records Subpoena did not include a list of deposition topics. West Decl., Ex. D.

Zantaz served its response and objections to the production of documents pursuant to the Records Subpoena on December 10, 2007. *Id.*, Ex. E. Based on those objections, Zantaz did not produce documents.

### III. ARGUMENT

Zantaz is not a party to this action, and has no stake in its outcome. There is, moreover, no suggestion that Zantaz has done anything wrong here. The Subpoenas nonetheless place a substantial burden on Zantaz, despite the Court's clear indication that discovery may not even be allowed. Moreover, even if Judge Baker does permit discovery, the information sought by Plaintiffs' Subpoenas is irrelevant, and falls outside the permissible bounds of discovery under Rule 26. The PMK Subpoena, moreover, seeks disclosure of Zantaz's trade secret information. The Subpoenas should be quashed.

#### A. Plaintiff's Subpoenas Should Be Quashed.

##### 1. Plaintiffs' Subpoenas Should Be Quashed Because They Impose An Undue Burden On Zantaz, A Non-Party.

A key factor courts consider when deciding whether to enforce a subpoena is avoiding undue burden on non-parties. Fed. R. Civ. P. 45(c)(3)(A)(iv) (the "court must quash or modify a subpoena that: . . . subjects a person to undue burden"). Zantaz is not a party to this

case, "and the status of a person or entity as a non-party is a factor which weighs against disclosure." *Echostar Commc'n Corp. v. News Corp.*, 180 F.R.D. 391, 394 (D. Colo. 1998) (citing *Am. Standard Inc. v. Pfizer, Inc.*, 828 F.2d 734, 738 (Fed. Cir. 1987)); *see also Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) (emphasizing that "concern for the unwarranted burden thrust upon non-parties is a factor entitled to special weight"); *Exxon Shipping Co. v. United States Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (with respect to quashing a subpoena based on undue burden, the "Federal Rules provide nonparties special protection against the time and expense of complying with subpoenas.").

The deposition Subpoenas place a substantial burden on Zantaz. They require it to seek out a person or persons most knowledgeable on 14 different subject areas, many of which have subparts, most of them very broad. One subject area, for example, is Zantaz's "policies or procedures related to digital chain of custody or the archival of client data". West Decl., Ex. C, Topic 2. For a company whose very business revolves around archiving client data, that subject area is incredibly broad. Another subject area is the even broader matter of "[t]he project management structure and accountability within [Zantaz]." *Id.*, Ex. C, Topic 13. Not only would Zantaz have to seek out witnesses on those broad issues, they would need to pay counsel to prepare them for testimony and defend them at their depositions.

Plaintiffs seek to impose this burden on Zantaz for no good reason. Judge Baker has already ruled that Plaintiffs are entitled to sanctions from AstraZeneca due to AstraZeneca's failure to timely produce documents to Plaintiffs. *See* West Decl., Ex. A at 28. The only remaining issue is the extent to which Plaintiffs suffered "prejudice or damages" by virtue of that delay. *Id.* Since Plaintiffs are presumably the ones with any evidence of their own injury, it is hard to see how *any* discovery would be relevant here – as noted above, Judge Baker has yet to rule whether any discovery will be allowed.

Moreover, the *type* of discovery Plaintiffs seek here is certainly irrelevant. It all, presumably, goes to the extent of AstraZeneca's culpability for failing to timely produce

A/72347766.1                                    5                    Case No. Miscellaneous Action (unassigned)

NON-PARTY ZANTAZ, INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENAS OR IN
THE ALTERNATIVE FOR A PROTECTIVE ORDER; MEMO. OF P. & A, IN SUPPORT THEREOF

1  documents. For example, most of the subject areas go to the reasons *why* production was
2  delayed here. *See, e.g.,* West Decl., Ex. C, Topics 4-7, 9-11. Those subject areas have no
3  bearing on the extent of any "damages or prejudice" to Plaintiffs by virtue of their delay in
4  receiving documents.

5      Plaintiffs' Subpoenas fail for a more fundamental reason. Federal Rule of Civil
6  Procedure permits discovery "regarding any nonprivileged matter that *is relevant to any party's*
7  *claim or defense*". Fed. R. Civ. Proc. 26(b)(1) (emphasis added). Plaintiffs subpoena does not
8  even purport to have anything to do with an underlying claim or defense in this case. It instead
9  seeks to find more ammunition to aid its side in a discovery dispute. That is inappropriate. In
10 *Hanan v. Corso*, No. 95-0292, 1998 U.S. Dist. LEXIS 11877, at *23 (D.D.C. Apr. 24, 1998), for
11 example, plaintiff filed a motion for sanctions due to Mobil's failure to produce responsive
12 documents that allegedly existed. In connection with their motion, plaintiffs sought to compel
13 production of "all documents relating to Mobil's previous efforts to respond to Mr. Hanan's
14 request for production in this case." *Id.* The court rejected that effort as unauthorized under the
15 Federal Rules. *Id.* at *24. As the Court put it, "no matter how liberally [Rule 26(b)(1)] is
16 construed," "discovery is only permitted of information which is either relevant or likely to lead
17 to admissible evidence" – the language of the Rule as it then existed. *Id.* at *23-24. Thus, the
18 Court concluded, Rule 26(b)(1) did not include:

19
20    "the discovery process itself [as] a fit subject for additional
      discovery.... [T]he Federal Rules already contain several
      provisions which mandate the consequences of failing to comply
21    with discovery... strongly suggest[ing] that those remedies are to
      be deemed the exclusive consequences. To add to them another
22    evidentiary remedy is to amend them and to open the door to
      discovery about discovery in every case."
23

24 *Id.* Since *Hanan*, Rule 26(b)(1) has been narrowed to limit discovery to matters "relevant to any
25 party's claim or defense," making "discovery about discovery" such as Plaintiffs seek here even
26 more inappropriate. Fed. R. Civ. P. 26(b)(1).

Where, as here, the information sought by a subpoena is not relevant or is only marginally so, courts are more likely to quash the subpoena as undue and oppressive. *See Compaq Computer Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) ("[i]f the sought-after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then *any burden whatsoever* imposed . . . would be by definition 'undue'") (emphasis in original). Plaintiffs must show a greater level of relevance for the third party discovery it seeks. *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986) ("The standards for nonparty discovery . . . require a stronger showing of relevance than for simple party discovery."); *see also Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) ("While discovery is a valuable right and should not be unnecessarily restricted . . ., the 'necessary' restriction may be broader when a nonparty is the target of discovery."); *Bio-Vita, Ltd. v. Biopure Corp.*, 138 F.R.D. 13, 17 (D. Mass. 1991) (The usual "'relevance' standard does not apply to nonparties."). It would be distinctly unfair to subject Zantaz, a non-party, to the time and expense of responding to irrelevant, inappropriate discovery.

      2.      **Plaintiffs' Subpoena Should Be Quashed Because It Purports To Require A Witness To Travel Thousands Of Miles To Testify.**

To the extent it seeks "Persons Most Knowledgeable" to testify for Zantaz, Plaintiffs' PMK Subpoena should be quashed for another reason. Federal Rule of Civil Procedure 45 requires a court to quash or modify a subpoena that "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed or regularly transacts business in person." Fed. R. Civ. P. 45(c)(3)(A)(ii)). Accordingly, a subpoena may not compel a non-party corporate representative to travel more than 100 miles from where he lives or works to testify. *See Stanford v. Kuwait Airlines Corp.*, Nos. 85 Civ. 0477, 85 Civ. 2448, 1987 U.S. Dist. LEXIS 10981, at *8-9 (S.D.N.Y. Nov. 25, 1987) ("[A] non-party corporate witness is to be examined at his residence or business."). The only Zantaz employee(s) who would be competent to testify about the issues identified in

A/72347766.1      7      Case No. Miscellaneous Action (unassigned)

NON-PARTY ZANTAZ, INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENAS OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER; MEMO. OF P. & A. IN SUPPORT THEREOF

Plaintiffs' "Topics" work and reside in Massachusetts, nearly three thousand miles from the place of testimony specified in the subpoena. Daoust Decl., ¶ 6.

### 3. Plaintiffs' Subpoena Should Be Quashed Because It Would Require Zantaz To Reveal Trade Secrets.

The Court should quash the PMK subpoena for still another reason: it would require Zantaz to reveal its trade secrets. A court may quash a subpoena to protect a person subject to or affected by a subpoena if the subpoena requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(c)(3)(B)(i). Information is a trade secret when it (1) constitutes "important proprietary information" to the party from whom discovery is sought; and (2) the party has "historically sought to maintain the confidentiality of this information." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006) (citing *Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995)).

The disclosure of Zantaz's policies or procedures related to the digital chain of custody or the archival of client data and Zantaz's policies or procedures related to conversion and loading of client data received from clients, which is precisely what the subpoenas seek, would disclose vital trade secret and other competitively sensitive information that would damage Zantaz in the marketplace. *See* Daoust Decl., ¶¶ 7-9. Zantaz's policies and procedure on these topics would have independent economic value from not being known generally to the public. *Id.*, ¶ 9. The disclosure of Zantaz's procedures may permit competitors to estimate information about Zantaz's technical methods or even Zantaz's clients. *Id.* Zantaz does not share this information with third parties and it has security procedures to maintain the confidentiality of this information. *Id.*, ¶ 8.

Once the nonparty shows that the requested information is a trade secret or confidential commercial information, the burden shifts to the requesting party to show a

1  "substantial need for the testimony or material that cannot be otherwise met without undue
2  hardship and assures that the person to whom the subpoena is addressed will be reasonably
3  compensated." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006); *see also* Fed. R.
4  Civ. P. 45(c)(3)(C). Plaintiffs cannot show substantial need here. As discussed above, the
5  information sought is irrelevant to the underlying dispute, and falls outside the permissible scope
6  of discovery under Rule 26. *See supra*, Section III, A, 1.

7  In the event the subpoena is not quashed in its entirety, Zantaz moves in the
8  alternative to limit the scope of the subpoena. Upon such a showing of "substantial need", "the
9  court may order appearance or production only upon specified conditions." *Gonzales*, 234 F.R.D.
10 at 684; *see also* Fed. R. Civ. P. 45(c)(3)(C). Zantaz requests that if the requested information
11 must be disclosed, that an appropriate protective order is put into place to narrow the issues and
12 which would protect Zantaz's confidential information from being used by its competitors.

13

14  **B.  Zantaz Joins AstraZeneca's Request That This Motion Should Be Transferred to the MDL Court.**

15  Zantaz is informed that AstraZeneca has moved that this dispute be referred to the
16 underlying MDL Court for resolution, and that such referral is unopposed. For the reasons stated
17 in AstraZeneca's motion, Zantaz joins AstraZeneca's request. Additionally, Zantaz understands
18 that AstraZeneca has moved to quash the Subpoenas on the grounds that they improperly seek to
19 invade the attorney-client privilege and the work product doctrine. Zantaz will await the ruling
20 on that issue and any rulings on other objections Zantaz has made before producing documents.
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///

1  IV.  **CONCLUSION**

2      This Court should quash Plaintiffs' Subpoenas.

4  DATED: December 12, 2007

6                               Bingham McCutchen LLP

8                   By: _____
                              Colin C. West
9                            colin.west@bingham.com
                             Attorneys for
10                               ZANTAZ, INC.